UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-27-MOC

| | |
|---|---|
| TANYA J. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARTIN O'MALLEY, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Tanya J. Williams' ("Plaintiff") appeal of a ruling by an Administrative Law Judge ("ALJ"). Plaintiff filed a brief in support of her appeal on August 16, 2024. (Doc. No. 12). The Commissioner of Social Security ("Defendant") filed a Reply Brief on September 16, 2024. (Doc. No. 13). Having carefully considered the motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

### FINDINGS AND CONCLUSIONS

**I.  Procedural History**

On October 30, 2014, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since March 1, 2014. (Tr. 148). Plaintiff's application was denied initially and on reconsideration. (Tr. 166, 176). An ALJ held a hearing on August 31, 2017, at which Plaintiff, her attorney, and a vocational expert ("VE") appeared. (Tr. 103–33). On February 5, 2018, the ALJ decided that the Plaintiff was not disabled within the meaning of the Act. (Tr. 77–102).

On request for review, the Appeals Council vacated the ALJ's decision and issued its own decision on October 25, 2019, finding Plaintiff not disabled within the meaning of the Act. (Tr. 1–28). This Court remanded the case to the Commissioner for further administrative proceedings. (Tr. 864–75). On remand, Plaintiff testified at an administrative hearing and the ALJ issued an unfavorable decision on October 5, 2022. (Tr. 771–802). However, on motion from the Commissioner with consent from Plaintiff, this Court remanded the case under Sentence Six of 42 U.S.C. § 405(g) for further administrative proceedings. (Tr. 770). After a hearing in June of 2023 was again remanded due to technical difficulties transcribing a recording, (Tr. 920–24), a third hearing was held on December 19, 2023. (Tr. 748–69). On February 28, 2024, the ALJ decided that Plaintiff was not disabled within the meaning of the Act from the application date through the decision date. (Tr. 710–47). This appeal followed.

II. **Factual Background**

The Court finds that the ALJ's findings of fact are supported by substantial evidence and therefore adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

III. **Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the Court were to find that a preponderance of the evidence weighed

against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

### IV. Substantial Evidence

#### a. Introduction

The Court has reviewed the transcript of Plaintiff's administrative hearing, the decision of the ALJ, and the relevant exhibits contained in the extensive administrative record. The issue is whether the ALJ's decision is supported by substantial evidence, not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

#### b. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity ("SGA") will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)–(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### c. The Administrative Decision

Plaintiff claims disability due to lumbar spine degenerative disc disease ("DDD"), degenerative joint disease, anxiety, diabetes, and obesity. (Tr. 715). The ALJ followed the five-step sequential evaluation, described above, in her analysis of Plaintiff's alleged disability. See 20 C.F.R. § 404.1520(a).

At step one of the evaluation, the ALJ found that the claimant had not engaged in SGA since October 30, 2024, the date of her SSI application. (Tr. 715). At step two, the ALJ found that Plaintiff had the following severe impairments that significantly limit her ability to perform basic work activities as required by SSR 85-28: degenerative disc disease, degenerative joint disease, obesity, diabetes mellitus, anxiety, and somatoform disorder. (Id.).

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Id.). The ALJ evaluated relevant impairments in Appendix 1, including Listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), Listing 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina), and other possible impairments resulting from Plaintiff's diabetes, anxiety, and obesity. (Tr. 715–20). In each case, the ALJ found that the relevant criteria were not met. (Id.).

At step four, the ALJ found that the claimant had the residual functional capacity to perform a full range light work and a full range of sedentary work as defined in 20 C.F.R. 456.967(b), limited to jobs involving occasional and well explained workplace changes and with only occasional interaction with coworkers. (Tr. 720). Finally, at step five, the ALJ found, after considering Plaintiff's age, education, work experience, and residual functional capacity, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 737). The ALJ thus found that Plaintiff had not been disabled as defined by the Act since the date the application was filed. (Tr. 738).

**V.     Discussion**

Plaintiff argues that the ALJ failed to properly analyze Listing 1.15 at step three of the sequential evaluation, because she did not adequately compare the criteria to the medical findings in the record. For the following reasons, the Court disagrees.

The Listings are a regulatory device used to streamline the decision-making process by identifying those claimants whose impairments are so severe that they are presumed disabled. 20 C.F.R. § 416.925(a); Sullivan v. Zebley, 493 U.S. 521, 531 (1990). The Listings define impairments that would prevent an adult from performing any gainful activity, not just substantial gainful activity. Id. at 532. Therefore, the medical criteria contained in the Listings are appropriately set at a higher level than the statutory standard for disability. Id. The claimant has the burden of proving a presumptively disabling impairment under the Listings by presenting medical findings that either meet all the criteria of a listed impairment or are equal in severity to all of the criteria for the one most similar listed impairment. 20 C.F.R. § 416.926; Zebley, 493 U.S. at 531. "An impairment that manifests only some of those criteria, no matter how severe, does not qualify." Zebley, 493 U.S. at 525.

Plaintiff asserts that the ALJ did not adequately compare the criteria of Listing 1.15 to the facts of the case, and that as a result a reviewing court cannot properly evaluate the ALJ's decision. (See Pl. Br. 5). She claims the ALJ's only reason for her determination that Listing 1.15 was not met is that Plaintiff had no documented medical need for a walker, and that this is incorrect because there is significant evidence to the contrary. (Pl. Br. 11). To support this argument, Plaintiff references sworn testimony and evidence from the medical record. (Id.). Plaintiff cites to Bates v. Berryhill for the proposition that mentioning medical signs that correspond to criteria of a Listing but failing to explain why the Listing is not met requires

remand, because the court will not divine a rationale for the ALJ's conclusion. 726 F. App'x 959 (4th Cir. 2018).

Contrary to Plaintiff's assertion, the ALJ <u>did</u> adequately explain why the Listing was not met. Listing 1.15 requires, in relevant part, "[a] documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands . . . ." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.15D1. The ALJ reasoned that: "while there is evidence within the record of radicular distribution of pain and compromise of a nerve root in the cervical or lumbosacral spine [which satisfied the other requirements of Listing 1.15], there is no documented medical need for a walker, bilateral crutches or bilateral canes for a continuous period of at least 12 months." (Tr. 716–17). The ALJ added that "there is no evidence of an inability to use one extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)." (Tr. 717). The ALJ also found that there was no evidence of "[a]n inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements." (Tr. 717).

The ALJ further detailed relevant medical records and Plaintiff's use of a walker throughout the relevant time period in her discussion of Plaintiff's residual functional capacity. (<u>See</u> Tr. 721–32). After reviewing the record evidence, the ALJ acknowledged that "[w]hile the record shows a handheld assistive [device] was necessary to assist [Plaintiff] with ambulation in the prior decision, records since the issuance of the prior decision do not include such device was absolutely necessary to assist [Plaintiff] with ambulation or balance." (Tr. 732). The ALJ added

that "[t]hough records clearly reflect she presented with an assistive device at presentations for medical and mental health treatment after the issuance of the prior decision in February 2018, there is no evidence it was prescribed by a physician or was medically necessary." (Tr. 732). In other words, although Plaintiff still reported using a walker or cane, the record evidence did not demonstrate that it was a medical necessity that met the stringent requirements of Listing 1.15.

This Court's role is limited to ensuring that the ALJ applied the correct legal standards, and that the conclusion was supported by substantial evidence. While Plaintiff disagrees with how the ALJ weighed this evidence, weighing conflicting evidence is quintessentially the province of the ALJ, not a reviewing court. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]."). Inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted).

VI. **Conclusion**

The Court has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment, (Doc. No. 12) is **DENIED**;

(3) The Commissioner's Motion for Summary Judgment, (Doc. No. 13) is **GRANTED**; and

(4) This action is **DISMISSED.**

Signed: December 9, 2024

Max O. Cogburn Jr.
United States District Judge